IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAXINE SNYDMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMPER, POLITZINER & MATTIA, LLP,<br><br>　　　　　Defendant. | Case No.: 2:10-cv-1344 (MMB)<br><br>*Civil Action*<br><br>**DECLARATION OF MARK A. SALOMAN, ESQ., IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS** |

I, **MARK A. SALOMAN, ESQ.,** hereby certify as follows:

1. I am an attorney-at-law admitted *pro hac vice* and Special Employment Litigation Counsel at the law firm of Proskauer Rose LLP, and in such capacity am fully familiar with the facts of this matter. I am authorized to submit this Declaration in support of the motion of defendant Amper, Politziner & Mattia, LLP ("Amper") for sanctions against plaintiff Maxine Snydman ("Plaintiff") and/or her counsel, Alan B. Epstein, Esq. ("Epstein").

2. By way of background, the undersigned spoke with Mr. Epstein on or about June 30, 2010 in anticipation of a potential face-to-face meeting between the parties. During that telephone call, Mr. Epstein relayed Plaintiff's initial demand of $150,000 to settle her litigation against Amper. Mr. Epstein did not advise defense counsel that Plaintiff's demand was its last or final offer or that it was non-negotiable.

3. Amper did not respond to that demand at that time and the face-to-face meeting did not take place.

4. On July 26, 2010, the parties attended an Initial Scheduling Teleconference with The Honorable Michael M. Baylson, U.S.D.J. Upon information and belief, during that call, Judge Baylson suggested that the parties consider participating in a Settlement Conference before The Honorable David R. Strawbridge, U.S.M.J.

5. The undersigned stated that Amper was willing to attend a Settlement Conference with Judge Strawbridge.

6. Mr. Epstein stated that Plaintiff was not interested in participating in a Settlement Conference because written discovery had not yet been exchanged.

7. On or about August 2, 2010, Amper responded to Plaintiff's initial settlement demand by serving an Offer of Judgment of $23,265.89 upon Plaintiff.

8. After written discovery had been exchanged between the parties, the parties attended a second teleconference with Judge Baylson on or about October 8, 2010. During that call, the Court again asked if the parties were interested in attending a Settlement Conference.

9. The undersigned again confirmed that Amper was willing to attend a Settlement Conference. Mr. Epstein stated that he needed to consult with his client.

10. By email dated November 23, 2010, Judge Strawbridge's deputy clerk confirmed that she had spoken with all counsel and that both parties had agreed to participate in a Settlement Conference. A copy of this correspondence is annexed as Exhibit 1.

11. Judge Strawbridge then issued a Settlement Conference Order on December 6, 2010, which scheduled the Settlement Conference to commence on January 13, 2011. A true copy of this Order is annexed as Exhibit 2.

12. The Settlement Conference was subsequently re-scheduled to commence on February 1, 2011. A true copy of Judge Strawbridge's Amended Settlement Conference Order, dated January 5, 2011, is annexed as Exhibit 3.

13. Contrary to her obligation under the Court's January 5, 2011 Order, Plaintiff failed to provide "to defendant a written good faith demand" by January 18, 2011. (Exh. 3, ¶3).

Plaintiff provided Amper with no explanation why it failed to comply with this provision of the Order.

14. In advance of the Settlement Conference and consistent with Judge Strawbridge's January 5, 2011 Order, Amper prepared and submitted a Settlement Memorandum and an *Ex Parte* Settlement Memorandum on January 26, 2011.

15. In its Settlement Memorandum, Amper observed that Plaintiff did not provide a written good faith demand to defense counsel by January 18, 2011.

16. It is my understanding that Judge Strawbridge spoke with Plaintiff's counsel, Nancy Abrams, Esq. of Mr. Epstein's office, on or about January 31, 2011. It is my understanding that Judge Strawbridge initiated that call because Plaintiff's settlement memorandum did not follow the format required by His Honor's Order. A copy of Plaintiff's submission is annexed as Exhibit 4. During that call, Ms. Abrams did not advise the Court that Plaintiff's original settlement demand was firm and non-negotiable.

17. On February 1, 2011, the undersigned traveled from Newark, New Jersey to Philadelphia to attend the Settlement Conference. Amper Managing Partner Jay Weinstein also prepared for and attended the conference.

18. Judge Strawbridge began the Conference by informing the parties of the general utility of settlement. The parties were then separated into different rooms and each side spent time alone with Judge Strawbridge.

19. After spending several hours in the Settlement Conference, Judge Strawbridge told the undersigned and Mr. Weinstein that Plaintiff refused to engage in any negotiation concerning her June 30, 2010 settlement demand.

20. The undersigned immediately advised Judge Strawbridge that Plaintiff's conduct evidenced bad faith because, despite numerous opportunities to do so, Mr. Epstein never advised the undersigned—or the Court—at any time prior to 12:30 p.m. on February 1, 2011 that Plaintiff's initial settlement demand was non-negotiable.

21. The undersigned then requested that the Court consider sanctioning such conduct because, had Mr. Epstein made Plaintiff's position known to the Court or defense counsel in advance of February 1, Amper certainly would not have agreed to incur legal fees and costs or waste Mr. Weinstein's time in scheduling, preparing for, traveling to/from, and attending the Settlement Conference.

22. Judge Strawbridge stated that Amper could file a motion seeking such relief.

23. An itemization of the fees and expenses needlessly incurred as a result of Plaintiff's and/or Mr. Epstein's misconduct is as follows:

- Communication with the Court and Amper concerning Scheduling of Settlement Conference (2.75 hrs.) .................................................. $1,237.50[1]

- Preparation of Settlement Memoranda, pursuant to the Court's January 5, 2011 Order (13.75 hrs.) ..................................................... $6,187.50

- Preparation for Settlement Conference (4.0 hrs.) ............................... $1,800.00

- Travel to/from and attendance at Settlement Conference (6.5 hrs.) .... $2,925.00

- Costs of travel to/from Philadelphia for Settlement Conference (rail; subway; meal) ...................................................................................... $264.18

- Preparation of Motion for Sanctions (15.75 hrs.) ............................. $5,387.50[2]

24. Mr. Weinstein also spent six hours preparing for, traveling to/from, and attending the Settlement Conference. His normal billing rate is $420 per hour.

---

[1] My hourly rate is $450 per hour.
[2] Nausheen Rokerya, Esq. assisted in the preparation of the Motion for Sanctions. Her hourly rate is $250.00.

4

25. Based on the foregoing, Amper respectfully requests that Plaintiff and/or Mr. Epstein be compelled to reimburse Amper in the amount of $20,321.68.[3]

I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: February 10, 2011　　　　　　　　　　/s/*Mark A. Saloman*
　　　　　Newark, New Jersey　　　　　　　　MARK A. SALOMAN

---

[3] This amount only includes fees and costs incurred as of February 6, 2011.

5