# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAXINE SNYDMAN**<br>    Plaintiff, | :<br>: **CIVIL ACTION**<br>: |
| **v.** | :<br>:<br>: No. 2:10-cv-01344 |
| **AMPER, POLITZINER & MATTIA, LLP**<br>    Defendant | :<br>: |

## DECLARATION OF ALAN B. EPSTEIN, ESQUIRE
## IN SUPPORT OF
## PLAINTIFF MAXINE SNYDMAN'S RESPONSE TO
## DEFENDANT AMPER, POLITZINER & MATTIA, LLP'S
## MOTION FOR SANCTIONS

In response to the Motions for Sanctions filed by Defendant after the recent settlement conference, I, Alan B. Epstein, Esquire, verify and declare that the following facts regarding my representation of the Plaintiff before and during that conference in the above-captioned matter are true and correct to the best of my knowledge, information and belief:

1. Throughout the present litigation, I have served as lead counsel and was responsible for the prosecution of the claims of Plaintiff Maxine Snydman.

2. My professional background relevant to the allegations made by Defendant in its Motion for Sanctions is as follows:

    a. I have been admitted to the practice of law before the Supreme Court of Pennsylvania since 1970. I also have been admitted to practice before the United States District Court for the Eastern and Middle Districts of Pennsylvania, the Third Circuit Court of Appeals, the Fifth Circuit

Court of Appeals, the Ninth Circuit Court of Appeals and the United States Supreme Court. In addition, I have participated as counsel *pro hac vice* in state and federal courts in New Jersey, Delaware, New York, Texas, Maryland, Florida and Washington.

      b. My short form biography and resume (collectively attached hereto as Exhibit "1") set forth my full employment history, educational background, awards, significant organizational memberships, and extensive teaching in the area of employment discrimination.

      c. I have participated as a private attorney in hundreds of cases involving claims of employment discrimination since 1971 and I have been lead counsel in hundreds of matters in which federal and state courts have rendered over 225 published opinions.

      d. I have served as an attorney in employment cases litigated in the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania and the United States District Courts for the Districts of New Jersey, Delaware and New York.

      e. I have been counsel of record or *Amicus Curiae* counsel in numerous cases involving employment discrimination and other employment related matters which have been heard and argued before the United States Court of Appeals for the Third, Fifth and Ninth Circuits and the United States Supreme Court.

  f. I have also actively litigated employment related matters in state courts in Pennsylvania, New Jersey, and Delaware, before state and federal administrative agencies, and in alternative arbitration forums.

  g. In all of my more than 40 years of practice in the federal court system, I have never been sanctioned by this or any other federal district court for violations of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania or the provisions contained at 28 U.S.C. §1927.

  3. I was at all time applicable to the presently pursued motion thoroughly familiar with all of the factual and legal issues presented in Ms. Snydman's case and was fully prepared to and capable of providing strategic advice regarding any settlement offer made by Defendant.

  4. At the Initial Scheduling Teleconference with the Honorable Michael M. Bayleson, I informed Judge Bayleson that a mediation conference would not be fruitful at that time because we had not been able to ascertain the full extent of Plaintiff's losses, particularly including the number of overtime hours Plaintiff worked without proper compensation, and that Plaintiff's attorneys needed to conduct initial document discovery to ascertain the true measure of Plaintiff's damages.

  5. Even though, co-counsel Nancy Abrams and I estimated Plaintiff's damages at $660,285, in June, 2010, I orally conveyed a good faith settlement offer of $150,000 (less than 25% of the estimated damages) to Defendant's counsel, Mark A. Saloman, Esquire ("Saloman").

6. Defendant never responded to our settlement offer but, on or about August 2, 2010, Defendant's counsel served on Plaintiff an Offer of Judgment in the amount of $23,265.89 inclusive of attorneys' fees and costs.

7. After we had conducted sufficient paper discovery to ascertain the true extent of Plaintiff's damages, on Plaintiff's behalf, I agreed to engage in mediation before Judge David R. Strawbridge ("Judge Strawbridge").

8. In preparation for the mediation, my co-counsel and I prepared a detailed Mediation Statement that included a full discussion of the facts and legal issued presented and a calculation of Plaintiff's damages based upon her actual time and pay records.

9. Believing that the possibility of settlement would be improved, I caused a copy of Plaintiff's Mediation Statement to be forwarded to Defendant's counsel at the same time it was forwarded to Judge Strawbridge.

10. At all times prior to the Mediation, Plaintiff maintained a settlement offer of $150,000, a figure that was communicated to Defendant's counsel on at least two occasions.

11. Defendant's counsel has never made any offer of settlement greater than the $23,265.89 inclusive of attorneys' fees and costs conveyed in Defendant's Offer of Judgment.

12. I was told by my co-counsel, Nancy Abrams, Esquire, that she spoke to Judge Strawbridge on January 31, 2011, the day before the mediation, and advised Judge Strawbridge that Plaintiff's offer of settlement remained at $150,000.

13. Upon information and belief, Judge Strawbridge communicated Plaintiff's offer of settlement to Defendant's counsel prior to and at the mediation.

14. Plaintiff Maxine Snydman appeared for the Settlement Conference with counsel Alan Epstein and her brother-in-law who is also her financial advisor to allow a full discussion of the respective positions of the parties and hopefully reach a resolution of her claims.

15. During the course of the mediation, the only offer from Defendant that Judge Strawbridge conveyed to Plaintiff was their original Offer of Judgment of $23,265.89, inclusive of attorneys' fees and costs.

16. After several discussions with the parties both collectively and individually, Judge Strawbridge indicated that he **might** be able to get Defendant to agree to pay $50,000, though they had not agreed to any amount over the original $23,265.89.

17. In response, Plaintiff and I told Judge Strawbridge that Plaintiff would not be willing to settle for the suggested $50,000 and the mediation concluded without reaching a resolution of the claims of Maxine Snydman.

I understand that the statements in this Declaration are made subject to the penalties of 18 Pa.C.S. §4904 and 28 U.S.C. §1746 relating to unsworn falsification to authorities.

_____
Alan B. Epstein
SPECTOR GADON & ROSEN, P.C.
Seven Penn Center, Seventh Floor
1635 Market Street

5

                                        Philadelphia, Pennsylvania 19103
                                        (215) 241-8888
                                        (215) 241-8844 (Fax)
                                        aepstein@lawsgr.com

DATED: February 24, 2011

# EXHIBIT 1

# ALAN B. EPSTEIN

**SPECTOR GADON & ROSEN, P.C.**
SEVEN PENN CENTER
1635 MARKET STREET, SEVENTH FLOOR
PHILADELPHIA, PA 19103
(215) 241-8888
(215) 241-8844 (Fax)
aepstein@lawsgr.com

Alan Epstein serves as the chair of Spector Gadon & Rosen's Employment Law Practice Group, concentrating his practice in civil litigation in state and federal courts nationwide, with special emphasis on litigating claims and giving transactional advice in the areas of employment rights, civil rights, and constitutional torts. He frequently represents corporate employers, corporate executives, broadcast and entertainment personalities, and athletes in connection with the negotiation and drafting of contracts of employment and provides transactional representation and litigates claims relating to termination of employment of highly compensated individuals. He also provides representation to licensed professionals and professional organizations in the many unique problems that arise in the practice of law, medicine, accounting, insurance, real estate, stockbrokerage, pharmacy, and architecture. He is a frequent lecturer in the areas of employment law and professional responsibility, and frequently provides expert advice to and testifies for individuals and entities involved in litigation relating to employment and professional responsibility issues.

In the context of honors and professional association activity, he has been elected to Fellowship in the prestigious College of Labor and Employment Lawyers and selected as one of the *Best Lawyers in America®* in the publication of that name for over ten years. He has also been awarded the highest peer-reviewed rating (AV) by the nationally recognized peer review publication *Matindale Hubbell* and he has consistently been selected as a top 100 Philadelphia and Pennsylvania *Superlawyer®*. Additionally, he has been selected as one of the nation's Top 500 Litigators and Top 500 Plaintiff's Lawyers by the publication *Lawdragon®*. In 2010, he was honored by inclusion on the list of the *Lawdragon® 500 Leading Lawyers in America*. Finally, he is an active member of the National Employment Lawyers Association, a volunteer mentor for the Employment Litigation Panel of the United States District Court for the Eastern District of Pennsylvania, a leader in the American Inns of Court movement and an active member of national, state and local bar associations.

In the context of significant litigation in the employment law area, he is well known for his participation in high profile litigation for individuals and corporate entities (including the representation of a young, HIV-positive attorney against a prestigious Philadelphia law firm that received national attention because of the award-winning film Philadelphia starring Tom Hanks and Denzel Washington and daily coverage of the trial by Court TV and Cable News Network) and his frequent representation of local and national sports figures, broadcast personalities, and officers and directors of national corporations who require his services in connection with litigation and negotiation relating to contracts of employment.

He was also the founder and President/CEO of JUDICATE: The National Private Court System, a company coordinating private dispute resolution services for approximately 700 former judges throughout the United States and its territories and frequently lectures in the area of alternative dispute resolution and serves as a mediator and arbitrator by private appointment and through certification by state and federal courts.

**EDUCATION:**

**Temple University School of Law, Philadelphia, PA**
Degree: J.D., conferred 1969

**Temple University, Philadelphia, PA**
Degree: B.S., Journalism, conferred 1967

**PROFESSIONAL EXPERIENCE:**

**November, 1999 to Present**

**SPECTOR GADON & ROSEN, P.C.    Philadelphia, PA**

Member, and Chair of the Employment Law Group, of a mid-sized, full service regional law firm with offices in Pennsylvania, New Jersey, Florida and New York. Practice concentrated in the provision of: transactional advice and litigation representation to employers, corporate officers and directors, individual employees, closely held business, licensed professionals and professional organizations.

**1984 to 1988**

**JUDICATE: The National Private Court System    Philadelphia, PA**

Founder, CEO and President of publicly traded national company coordinating the private dispute resolution services of approximately 700 former judges throughout the United States and its territories.

**1977 to October, 1999***

**JABLON EPSTEIN, P.C.   Philadelphia, PA**

Principal shareholder of a boutique law firm with a practice concentration in complex civil and white collar criminal litigation in both state and federal courts, with special emphasis on providing transactional advice and representation of employers and individual employees, as well as licensed professionals and professional organizations.

* For two short interim periods, also associated with Adler, Barish, Daniels, Levin & Creskoff (1976-77) and Walters, Willig & Davidson (1985-6)

**1969 to 1976**

**FREEDMAN, BOROWSKY & LORRY    Philadelphia, PA**

Associate in a large, multi-office law firm whose practice was limited to civil and admiralty litigation and the transactional and litigation representation of national and international labor unions.

**ADMITTED TO PRACTICE:**

    Commonwealth of Pennsylvania (all courts since 1970)
    United States District Courts for the Eastern and Middle
        Districts of Pennsylvania
    United States Court of Appeals for the Third Circuit
    United States Court of Appeals for the Ninth Circuit
    United States Supreme Court

**Admissions pro hac vice:**

    United States Court of Appeals for the Fifth Circuit
    United States District Court for the Southern District of New York
    United States District Court for the District of New Jersey
    United States District Court for the District of Delaware
    United States Bankruptcy Court for the District of Delaware
    United States District Court for the Southern District of Louisiana
    United States District Court for the Southern District of Texas
    United States District Court for the Western District of Washington
    New Jersey Superior Court, Middlesex County
                               Camden County
                               Atlantic County

**PAST and PRESENT PROFESSIONAL ASSOCIATIONS:**

    **Philadelphia Bar Association**
        Federal Courts Committee
        ADR Committee

    **Pennsylvania Bar Association**
        Civil Rights Committee
        Dispute Resolution Committee

    **American Bar Association**
        Sections on Litigation, Labor and Employment Law

    **Philadelphia Trial Lawyers Association**
        Board of Directors, 1981 -1986

    **Pennsylvania Trial Lawyers Association**
        Board of Governors, 1984 -1986

    **American Association for Justice**

    **National Employment Lawyers Association (NELA)**

    **Temple American Inn of Court**
        Executive Committee (1994 - 2002)
        President (2001 - 2002)
        National Education Committee Chair (2000 - 2002)

**HONORS AND ACHIEVEMENTS**

**Fellow, College of Labor and Employment Lawyers**
Chair, Third Circuit Credentials Committee (2003-2007)
Member, Board of Directors Credentials Liason Committee

**Mentor, Employment Litigation Panel of the United States District Court for the Eastern District of Pennsylvania**

**Listings:**

*Martindale Hubbell®*
AV Rated

*Best Lawyers in America®*
Best Lawyers in America, Labor and Employment Law

**Philadelphia and Pennsylvania** *Super Lawyers®*
Top 100, Philadelphia and Pennsylvania

*Lawdragon®*
500 Best Litigation Lawyers in America
500 Best Plaintiffs Lawyers in America
500 Leading Lawyers in America

*Marquis Who's Who®*
In American Law
In American Business Leaders
In America

4