# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAXINE SNYDMAN** | : |
| **Plaintiff,** | : CIVIL ACTION |
| v. | : |
| | : No. 2:10-cv-01344 |
| **AMPER, POLITZINER & MATTIA, LLP** | : |
| **Defendant** | : |

**PLAINTIFF'S INITIAL DISCLOSURES**
**PURSUANT TO F.R.C.P. 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff, Maxine Snydman ("Snydman" or "Plaintiff"), makes the following Initial Disclosures:

A. <u>Individuals Likely to Have Discoverable Information</u>

Maxine Snydman
511 Carson Terrace
Huntingdon Valley, PA 19006

Mrs. Snydman will have information regarding the nature and scope of her job duties, the number of hours she worked in a week, as well as her job performance. She will also have information regarding age-related remarks made by Hayes MacArthur and her demotion to part-time status after she commented on those remarks to Joanne Zeitz. Further, Mrs. Snydman will have information of the transition of her duties to Ann Tye and the circumstances surrounding the ultimate termination of her employment.

Hayes MacArthur
AMPER, POLITZINER & MATTIA, LLP
101 West Avenue, P.O. Box 458
Jenkintown, PA  19046

Jay Weinstein
AMPER, POLITZINER & MATTIA, LLP
101 West Avenue, P.O. Box 458
Jenkintown, PA  19046

Joanne Zeitz
AMPER, POLITZINER & MATTIA, LLP
101 West Avenue, P.O. Box 458
Jenkintown, PA  19046

Jerry Kalick
AMPER, POLITZINER & MATTIA, LLP
101 West Avenue, P.O. Box 458
Jenkintown, PA  19046

These individuals will have information about age-related remarks made by Mr. MacArthur and Mrs. Snydman's demotion to part-time status shortly after she commented on those remarks to Ms. Zeitz.  These individuals will also have information regarding the nature and scope of Mrs. Snydman's job duties, the hours she worked in a week as well as the basis for her classification as an "exempt" employee.  Further, these individuals will have information regarding Mrs. Snydman's demotion to part-time status, the transition of her job duties to Ann Tye and the circumstances surrounding the termination of Mrs. Snydman's employment as well as the employment of other older employees.

Ann Tye
AMPER, POLITZINER & MATTIA, LLP
101 West Avenue, P.O. Box 458
Jenkintown, PA  19046

Ms. Tye will have information regarding her assumption of Mrs. Snydman's job duties and the circumstances surrounding her transfer to another Amper office after Mrs. Snydman's employment was terminated.

B.  Documents

The documents which are relevant to this matter which are in plaintiff's custody and control, other than those which are subject to attorney-client privilege will be produced upon request and upon execution of a Confidentiality Agreement.

C.  Computation of Damages

Past Loss of Earnings

| | | |
|---|---|---|
| 2009 (salary of $51,935 less actual earnings) | $ 21,563 | |
| 2010 (to date based on salary of $55,570) | $ 27,785 | |
| **Total Past Wage Losses** | **$ 49,348** | |
| **Lost Past Benefits** (est. at 26% of salary) | **$ 12,830** | |
| **TOTAL PAST LOSS OF EARNINGS** | | **$ 62,178** |

Future Loss of Earnings

| | |
|---|---|
| 2010 (remaining 6 months) | $ 27,785 |
| 2011 | $ 55,460 |
| 2012 | $ 63,622 |
| 2013 | $ 68,076 |
| 2014 | $ 72,841 |

3

| | |
|---|---|
| **Total Future Lost Wages** | **$287,784** |
| **Lost Future Benefits** (est. 26% of salary) | **$ 74,824** |
| **TOTAL FUTURE LOSSES** | **$362,608** |

### FLSA OVERTIME CLAIMS

In accordance with the mandates of federal and state overtime law, Maxine Snydman was denied on average 10-15 hours of overtime pay per week. Over the statutory period of three years prior to the institution of the current law suit, and based upon her proper hourly rate during 2007-2009 (2007-$22.66; 2008- $24.26; and 2009-$25.96) and an average of 12.5 hours per week, Maxine Snydman is owed the additional sums:

| | |
|---|---|
| 2007 | $14,162.50 |
| 2008 | $15,162.50 |
| 2009 | $16,229.68 |
| **TOTAL LOST OVERTIME** | **$45,554.68** |

| SUMMARY | |
|---|---|
| TOTAL LOSS OF EARNINGS AND BENEFITS | $424,786 |
| LIQUIDATED DAMAGES UNDER THE ADEA | $ 62,178 |
| REASONABLE ESTIMATE OF EMOTIONAL DISTRESS | $100,000 |
| TOTAL POTENTIAL JURY VERDICT (ADEA/PHRA) | $586,964 |
| TOTAL POTENTIAL JURY VERDICT (FLSA) | $ 45,555 |
| ATTORNEYS FEES AND COSTS TO DATE | $ 27,766 |

4

D.  <u>Insurance Agreement</u>

Unknown at present.

                                                                                                  _/s/ Nancy Abrams_____
                                                                                                   Alan B. Epstein, Esquire
                                                                                                   Nancy Abrams, Esquire

                                                                                                   SPECTOR GADON & ROSEN
                                                                                                     A Professional Corporation
                                                                                                 1635 Market Street, Seventh Floor
                                                                                                   Seven Penn Center
                                                                                                   Philadelphia, PA  19103
                                                                                                   (215) 241-8888

                                                                            Attorneys for Plaintiff, Maxine Snydman

Dated:  August 31, 2010

5