## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAXINE SNYDMAN** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **No. 2:10-cv-01344** |
| **AMPER, POLITZINER & MATTIA, LLP** | : | |
| **Defendant** | : | |

### ORDER

**AND NOW**, this            day of                    , 2011, upon

consideration of Defendant's Motion to Compel and Plaintiff's Response thereto,

it is hereby **ORDERED** that Defendant's Motion is **DENIED**.


BY THE COURT


_____

Michael M. Baylson, U.S.D.J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAXINE SNYDMAN** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **No. 2:10-cv-01344** |
| **AMPER, POLITZINER & MATTIA, LLP** | : | |
| **Defendant** | : | |

## RESPONSE OF PLAINTIFF MAXINE SNYDMAN
## TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

Plaintiff, Maxine Snydman, opposes the Motion of Defendant Amper,

Politzineer & Mattia, LLP to Compel Discovery relating to her medical records

for the reasons set forth at length in the accompanying Memorandum of Law.

Respectfully submitted,

_____/s/_____ ABE 2825
Alan B. Epstein, Esquire (I.D. # 02346)
Nancy Abrams, Esquire (I.D. # 31089)

SPECTOR GADON & ROSEN, PC
Seven Penn Center
1635 Market Street, Seventh Floor
Philadelphia, PA 19103
Attorneys for Plaintiff, Maxine Snydman

Dated: March 18, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAXINE SNYDMAN | : | |
|      Plaintiff, | : | CIVIL ACTION |
| | : | |
|     v. | : | |
| | : | No. 2:10-cv-01344 |
| AMPER, POLITZINER & MATTIA, LLP | : | |
|     Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
RESPONSE OF PLAINTIFF MAXINE SNYDMAN
TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

## I.  INTRODUCTION

Defendant, Eisner Amper (f/k/a before a recent merger as Amper, Politziner & Mattia, LLP) ("Eisner Amper") one of the largest accounting and litigation services firms in the country is continuing its attempt to push the Plaintiff Maxine Snydman ("Snydman" or "Plaintiff") into capitulated acceptance of an inadequate settlement offer by seeking to delve into her medical history and confidential medical records despite the fact that she has continuously and truthfully stated that she has sought absolutely no medical treatment as a result of the actions she complains of.

On February 24, 2011, Defendant served Interrogatories and Document Requests on Plaintiff [Exhibit 1 to Defendant's Motion].  Interrogatory No. 18 requested the name and address of

> every physician, psychologist, psychiatrist,
> chiropractor, physical therapist, social worker,
> religious advisor (i.e., rabbi, priest, minister),
> counselor or other medical personnel or health care or
> healing arts practitioner that you have conferred with,

> regarding your allegations of "emotional distress, anxiety, depression, humiliation, a loss of life's pleasures, the loss of self-esteem, damage to her professional status and reputation, and painful diminution of her ability to proved [sic] for herself with the earned rewards of excellence in her chosen profession," as alleged in the Complaint.

Plaintiff truthfully responded to this Interrogatory that "Plaintiff has not sought or received medical or psychological treatment as a result of Defendant's actions" [Exhibit 2 to Defendant's Motion to Compel, p. 15].

Defendant's Document Request No. 26 requested that Plaintiff produce

> All documents concerning any consultation, conferences, examinations or treatments that you sought, received or underwent from any physician, psychiatrist, psychologist, chiropractor, acupuncturist, therapist, social worker, counselor, religious advisor and/or other medical, healthcare or religious personnel or practitioners, including, without limitation, any records, reports, correspondence, notes, charges, tests, hospital admission papers, medical insurance forms, proof of medical insurance reimbursement, proof of purchase of prescriptions, medical supplies or equipment, and any paid or unpaid bills concerning same, from January 1, 2005 to the present.

Because, as stated in response to Interrogatory No. 18, Plaintiff had not received any medical or psychological treatment as a result of Defendant's actions, Plaintiff objected to this Request on the basis that it sought private health information regarding Plaintiff which is unrelated to any claims that she has made in this action and on the basis that it unduly invades Plaintiff's right of privacy.  Plaintiff also reiterated that she had not sought any medical or psychological treatment as a result of Defendant's actions [Exhibit 2 to Defendant's Motion, p. 11].

2

By letter dated November 15, 2010, Defendant's counsel renewed its request for Plaintiff's medical records, asserting as he does here that by claiming compensatory damages for emotional distress, Plaintiff's medical records are discoverable [Exhibit 3 to Defendant's Motion]. In response, Plaintiff's counsel reiterated that Plaintiff had not sought any medical or psychological treatment as a result of Defendant's actions [Exhibit 4 to Defendant's Motion].[1]

Despite the fact that Plaintiff's medical records could not lead to the discovery of any evidence relevant to any issue presented in this matter, Defendant continued to press for her medical records. As detailed below, unlike the cases cited by Defendant, Plaintiff here has not placed her medical or psychological history at issue as she did not seek any medical or psychological treatment or counseling because of Defendant's actions.

## II.   DISCUSSION

In all of the cases cited by Defendant, the plaintiff had actually received psychological treatment or counseling and the issue presented was whether or not the plaintiff waived his or her therapist-patient privilege or psychotherapist-patient privilege as to the records regarding that treatment by asserting a claim for emotional distress. "It is clear that, when a party places her mental status at issue in litigation, she waives the therapist-patient privilege." *McKinney v. Delaware County Memorial Hospital*, 2009 WL 750181

---

[1] In fact, Plaintiff has not sought or received **any** psychological counseling or treatment at any time, a fact that Plaintiff's counsel has conveyed orally to Defendant's counsel on several occasions.

(E.D.Pa. March 20, 2009); "When a plaintiff claims damages resulting from emotional distress, the opposing party is entitled to the plaintiff's **mental health records**." *Payne v. City of Philadelphia*, 2004 WL 1012489 (E.D.Pa. May 5, 2004), quoting *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 135 (E.D.Pa. 2001) ("plaintiff's waived the **patient-psychotherapist privilege** by putting their emotional state at issue."); "A party waives the federal common law psychotherapist-patient privilege by placing his/her mental condition at issue." *Lanning v. SEPTA*, 1997 WL 597905 (E.D.Pa. Sept. 17, 1997).

Plaintiff here is not making any claim of privilege. As her counsel has stated repeatedly, Plaintiff **has never sought or received mental health treatment of any kind**. Therefore, there are no records concerning her psychological history that can be produced.

Because Plaintiff has never sought any type of psychological or mental health treatment, and has stated under oath that she did not seek any other type of medical treatment because of Defendant's actions, Defendant's demand that it be permitted to conduct a fishing expedition through her medical records is clearly nothing more than a continuation of the harassment Defendant has employed throughout this matter in an attempt to bully Plaintiff into accepting an inadequate settlement offer or to discontinue her litigation all together.

## III.   CONCLUSION

Plaintiff has repeatedly confirmed that she has never received any type of psychological or mental health treatment and that she did not seek or receive

any other type of medical treatment as a result of Defendant's actions.

Therefore, there are no medical records that could lead to any evidence relevant

to any issue presented in this matter.  For the reasons discussed at length

above, it is respectfully suggested that Defendant's Motion to Compel must be

dismissed.

Respectfully submitted,

_____/s/_____ ABE 2825
Alan B. Epstein, Esquire (I.D. # 02346)
Nancy Abrams, Esquire (I.D. # 31089)

SPECTOR GADON & ROSEN, PC
Seven Penn Center
1635 Market Street, Seventh Floor
Philadelphia, PA 19103
Attorneys for Plaintiff, Maxine Snydman

Dated:  March 18, 2011

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing Response to Defendant Amper, Politziner & Mattia, LLP's Motion to Compel and supporting Memorandum of Law were served on counsel for Defendant by transmitting a copy thereof via USDC EDPa ECF notification and via electronic mail to:

Mark A. Saloman, Esquire
PROSKAUER ROSE LLP
One Newark Center
Newark, NJ  07102-5211
msaloman@proskauer.com

Barry L. Cohen, Esquire
SORIN ROYER COOPER, LLC
101 West Elm Street, Suite 220
Conshohocken, PA  19428
bcohen@sorinroyercooper.com

Counsel for Defendant Amper, Politziner & Mattia, LLP

_____/s/_____  NA1161
Nancy Abrams, Esquire

Dated:  March 18, 2011

6