IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAXINE SNYDMAN<br>　　　　Plaintiff, | ：　CIVIL ACTION |
| v. | ：<br>：　No. 2:10-cv-01344 |
| EISNER AMPER (f/k/a AMPER,<br>　　POLITZINER & MATTIA, LLP)<br>　　　　Defendant | ：<br>： |

**MEMORANDUM OF LAW IN SUPPORT OF THE
REPLY OF PLAINTIFF MAXINE SNYDMAN TO THE
RESPONSE OF DEFENDANT TO PLAINTIFF'S
MOTION FOR RECONSIDERATION AND HER RESPONSE
TO DEFENDANT'S CROSS-MOTION FOR SANCTIONS**

**I.　INTRODUCTION**

In response to the Motion of Plaintiff for Reconsideration of the Court's Order, Defendant, Eisner Amper (f/k/a Amper, Politziner & Mattia, LLP) ("Eisner Amper") one of the largest accounting and litigation services firms in the country, has suggested that the reconsideration request filed by Plaintiff and her counsel is a frivolous attempt to have the Court reconsider only matters previously argued or consider information not previously raised, and further raised a counterclaim request that additional sanctions be imposed. It is respectfully suggested that, for the reasons set forth below, the Motion for Reconsideration was neither frivolous nor the proper target of further sanctions.

## DISCUSSION

### A. Plaintiff's Motion For Reconsideration Is Properly Supported In Fact and Law

The basis for Plaintiff's Motion for Reconsideration is threefold: **first**, that sanctions should not have been imposed on Plaintiff Maxine Snydman under Rule 16(f)(2) of the Federal Rules of Civil Procedure since any wrongdoing was exclusively attributed to Alan Epstein's actions in not strictly adhering to the directive of the presiding Magistrate Judge, contained in the Mediation Scheduling Order, that a settlement demand be communicated to Defendant and the Magistrate Judge before the conference and in the Mediation Memorandum, and not any independent action on Plaintiff's part; **second**, that based upon the specific findings made by Judge Strawbridge forming the basis of the sanction, the amount of the monetary sanction was excessive considering that the incurring of costs could have been easily avoided by the Defendant. In this regard, Judge Strawbridge did not take into consideration the testimony provided by Defendant's counsel Mark A. Saloman, Esquire, at the hearing on March 22, 2011 before the presiding District Court Judge, the Honorable Michael J. Baylson, wherein Mr. Saloman, contrary to the findings of Judge Strawbridge, stated that he attended the conference with **full knowledge** that the demand was $150,000; and **third**, that extenuating circumstances (which were not raised with the presiding Magistrate Judge earlier because no hearing was held or additional briefing was allowed regarding the matters before him) caused Mr. Epstein to be largely absent from his office during the time the pre-mediation matters were prepared and sent,

and, in turn, caused the oversight that was the subject of the sanctions imposed under the Rule.

While the memorandum accurately recites the legal principles controlling a motion for reconsideration, it is respectfully submitted that the basis submitted by Plaintiff does clearly fit within both the second and third elements necessary to succeed on a motion for reconsideration, *i.e.* both the availability of new evidence and the need to correct a manifest injustice stemming from an error of law or fact.

**B.     General Principles Governing Reconsideration**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). More specifically, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

While Defendant has not misstated the law regarding reconsideration, all of the cases cited were cases in which final judgment had been entered and not a matter that involved the imposition of sanctions where reversal was appropriate. *See, Burger v. Mays*, 176 F.R.D. 153 (E.D.Pa.,1997) wherein the court reversed a sanction that was due to the inadvertence of counsel:

> The standard for reconsidering a motion is unsettled. Indeed, "[s]uch a motion is not recognized by any of the Federal Rules of Civil Procedure." *Broadcast Music, Inc. v. La Trattoria East, Inc.*, No. Civ. A. 95-1784, 1995 WL 552881 at *1 (E.D.Pa. Sept. 15, 1995). The Third Circuit has sometimes ruled on such motions under Federal Rule of Civil Procedure 59(e) and at other times under Federal Rule of Civil Procedure 60(b). A motion to reconsider may, therefore, be treated as a Rule 59(e) motion for amendment of judgment or a Rule 60(b) motion for relief from judgment or order. *Id.*
>
> Fed.R.Civ.P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of judgment." Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not available, has become available; or (3) it is necessary to correct a clear error of law or prevent a manifest injustice. *See United Lawn Mower Service v. Hagel*, No. Civ. A. 95-6157, 1997 WL 327564 (E.D.Pa. June 12, 1997); *see also Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993), *aff'd in part, rev'd in part,* 57 F.3d 270 (1995).
>
> We will grant Plaintiff's motion to reconsider in order to prevent a manifest injustice. Summarily allowing the Defendant's Motion in Limine without considering its merits would prevent Plaintiff from presenting the testimony of two experts which could prove vital to his case. We feel that it would be unfair to punish Mr. Burger so harshly for the carelessness of his attorney, Mr. Feinberg. Furthermore, allowing this Motion for Reconsideration will not result in any prejudice to the Defendant since he has already ably argued the issues raised by his Motion in Limine in the memorandum of law submitted with his original motion. We will therefore grant Plaintiff's Motion for Reconsideration.

*Id.* at 156.

Moreover, a motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party

produces new evidence that could not have been obtained through the exercise of due diligence. *Comeau v.. Rupp,* 810 F.Supp. 1172, 1175 (D.Kan.1992); see *Refrigeration Sales Co. Inc. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985).

### C.   Maxine Snydman Should Not have Been Sanctioned

Regarding the first issue noted above, Plaintiff was not able to suggest that she should not be the target of the Court's sanction, since the original motion was multi-faceted and not directed at any specific action on her part. She certainly was not the proper subject of sanctions for Section 1927 liability (*see* Discussion infra at part B) and there was no argument presented by the Defendant that she had engaged in any behavior that contributed to Mr. Epstein's failure to adhere to the directive in the Mediation Scheduling Order of Judge Strawbridge that would have exposed her to sanctions pursuant to Rule 16(f). She simply should not have been the target of any sanctions resulting from the inadvertence of her counsel. *See Burger v. Mays*, 176 F.R.D. at 156.

### D.   The Sanctions Were Too Severe Under The Circumstances

Second, while some points regarding the appropriate level of sanctions could have been raised in response to the original motion for sanctions, those points could not include an argument that the penalty imposed was too severe as the degree of the sanctions imposed could not have been known prior to the issuance of the award. Therefore, the argument made in the Motion for

Reconsideration that more than a nominal monetary sanction was inappropriate could not have been made in response to the original motion.

Moreover, Judge Strawbridge set the amount of the sanction on the time for preparation for and travel to and from the conference as well as attendance during the mediation, measured by the hourly rates of counsel for the Defendant. It is clear that Judge Strawbridge did not take into consideration the statements made by counsel for the Defendant before Judge Baylson on March 22, 2011. That testimony was obviously not available at the time the briefs of the parties were completed and submitted to Judge Baylson as they were completed and submitted before that testimony was given. In fact, the testimony provided by Defendant's counsel Mark A. Saloman, Esquire, at the hearing on March 22, 2011 before the presiding District Court Judge, the Honorable Michael J. Baylson, contrary to pivotal findings of Judge Strawbridge, evidence that Defendant and its counsel attended the conference with **full knowledge** that the demand was $150,000 and in support of its motion for sanctions was only complaining that Plaintiff should have advised Defendant's counsel that the demand was non-negotiable.  See Transcript of Hearing attached hereto as Exhibit "A" at pp. 7-12.

Since the only basis for the sanctions imposed according to the opinion of Judge Strawbridge was the nexus between the time spent unnecessarily traveling to and from and at the mediation and the knowledge denied to the Defendant before the conference, reconsideration is mandated to consider this pivotal circumstance not apparently considered before.  Once a decision is

made to impose sanctions, the amount of the sanctions imposed must reflect only those costs actually caused by the sanctionable conduct. *See In re Prudential* 278 F.3d at 188 ("Moreover, these costs and expenses are limited to those that could be taxed under 28 U.S.C. §1920").

### E. The Reason For The Inadvertent Actions Of Counsel Were Not Previously Known To Or Considered By Judge Strawbridge

Third, prior to issuing his decision, Judge Strawbridge was not made fully aware that Mr. Epstein had been largely absent from his office for a two month period prior to the final date scheduled for the mediation conference because of a serious family illness and did not considered this circumstance as a mitigating factor in setting. More specifically, Plaintiff's counsel had made it known to Mr. Saloman and his client that his wife had been diagnosed with Stage 4 breast cancer at the beginning of December 2010 and was well aware that for the months following, Mr. Epstein was absorbed in her care and treatment and not fully active in his practice. The fact that Mr. Epstein requested the aid of Nancy Abrams, Esquire of his office to prepare and file a mediation statement but did not, because of his absence from the office, further advise her of the special provision indigenous to Judge Strawbridge's usual procedures as included in his Order would have been presented to Judge Strawbridge had he allowed further briefing or permitted a hearing on the issues presented. They simply should not be the basis for sanctions.

While a federal judge can impose sanction under Rule 16 without granting a hearing, it is respectfully suggested that because of the serious

implications that flow from being sanctioned by any court, and the effect that sanctions have on an attorney's career, any sanctions sought should only be assessed after a full evidentiary hearing at which the target of those sanctions could present evidence to support exoneration or mitigation. *See Prudential Insurance*, 278 F.3d at 191:

> "The *Due Process Clause of the Fifth Amendment* requires a federal court to provide notice and an opportunity to be heard before sanctions are imposed on an ...attorney." We have held that "particularized notice is required to comport with due process." . . . "Generally speaking, particularized notice will usually require notice of the precise sanctioning tool that the court intends to employ." An opportunity to be heard is "especially important" where a lawyer or firm's "reputation is at stake," because sanctions "act as a symbolic statement about the quality and integrity of an attorney's work – a statement which may have a tangible effect upon the attorney's career."

*Id.* (internal citations omitted).

### III. CONCLUSION

Accordingly, it is respectfully suggested that Judge Strawbridge must reconsider the imposition of sanctions against Maxine Snydman and her attorney, Alan B. Epstein after providing an opportunity for a hearing or the submission of further affidavits in accordance with the representations made herein.

Respectfully submitted,

SPECTOR GADON & ROSEN P.C.

By: _____/s/_____
Alan B. Epstein, Esquire (I.D. # 02346)
1635 Market Street, 7th Floor
Philadelphia, PA 19103

(215) 241-8888
(215) 241-8842
aepstein@lawsgr.com

*As Attorney for Plaintiff and On His Own Behalf*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served Plaintiff, Maxine Snydman's Memorandum of Law in Support of the Reply of Plaintiff to the Response of Defendant to Plaintiff's Motion for Reconsideration and Her Response to Defendant's Cross Motion for Sanctions on the following counsel for Defendant by causing a true and correct copy thereof to be sent via electronic mail:

**BARRY L. COHEN**
SORIN ROYER COOPER LLC
681 MOORE ROAD STE 321
KING OF PRUSSIA, PA 19406
610-354-9065
Fax: 610-354-8896
Email: bcohen@sorinroyercooper.com

**MARK A. SALOMAN**
PROSKAUER ROSE LLP
ONE NEWARK CENTER
18TH FLOOR
NEWARK, NJ 07102
973-274-3200
Email: msaloman@proskauer.com

**SPECTOR GADON & ROSEN, P.C.**

Dated: August 30, 2011     By: _____/s/_____
                                Alan B. Epstein, Esquire

423129-1