IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAXINE SNYDMAN, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 10-1344 |
| | : | |
| AMPER, POLITZINER & MATTIA, LLP, | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this 22nd day of September, 2011, upon consideration of the Motion for Reconsideration (Doc. 46) of Plaintiff Maxine Snydman ("Plaintiff") and her counsel, Alan B. Epstein, Esquire ("Mr. Epstein"), and the Response to Plaintiff's Motion for Reconsideration and Cross-Motion for Sanctions (Doc. 49) of Defendant Amper, Politziner & Mattia, LLP[1] ("Defendant"), Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Reconsideration and Plaintiff's Response to Defendant's Cross-Motion for Sanctions (Doc. 51), it is hereby **ORDERED** that:

1. Plaintiff's Motion for Reconsideration is **GRANTED in part and DENIED in part**.[2]

---

[1] Like the parties, we refer to Defendant as Amper, Politziner & Mattia, LLP or "Amper." The parties' stipulation of September 8, 2010 clarifies that the references in their pleadings to Amper refer to Eisner Amper, LLP, which appears to be the current name of the company, a change that occurred subsequent to the events at issue in this litigation.

[2] We consider this motion in accordance with Local Civil Rule 7.1(g). To grant a motion for reconsideration, federal law requires the moving party to demonstrate either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *U.S. v. Choi,* 2011 U.S. Dist. LEXIS 51516, at *6, 2011 WL 1831589, at *2 (E.D. Pa. May 13, 2011) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir.1995))). The Third Circuit has explained that "'the purpose of a motion for reconsideration'…'is to correct manifest errors of

(continued...)

---

(...continued)
law or fact or to present newly discovered evidence.'" *Max's Seafood Café*, 176 F.3d at 677 (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, the standard for reconsideration is particularly stringent and otherwise allows this Court to find for the moving party only when "adherence to the decision would create a manifest injustice." *Burns v. Slippery Rock Univ. of Pa.*, No. 06-318, 2007 U.S. Dist. LEXIS 63406, *3, 2007 WL 2463402 (W.D. Pa. Aug. 28, 2007) (quoting *McCloud v. City of Sunbury*, CA No. 04-2332, 2006 U.S. Dist. LEXIS 16560, *4, 2006 WL860103 (M.D. Pa. Apr. 3, 2006) and citing *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir.1998)).

      Plaintiff's Motion for Reconsideration and supporting Memorandum do not demonstrate any of the required factors. Instead, Plaintiff merely reiterates the arguments presented initially in opposition to Defendant's Motion for Sanctions–that neither she nor her counsel engaged in any sanctionable conduct. Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Reconsideration (Doc. 51) does offer three basis to support Reconsideration, which we consider in turn.

      First, we have considered Plaintiff's argument, prepared and presented by Mr. Epstein, that any sanctions should be levied against Mr. Epstein alone and not against Plaintiff, "since any wrongdoing was exclusively attributed to Alan Epstein's actions." (Pl. Mem. [Doc. 51] at 5). While we believe that Plaintiff, through her counsel, could have addressed this point at the time of the initial Response to Defendant's Motions for Sanctions (Doc. 24-1), we see counsel's acceptance of responsibility articulated for the first time, as appropriate. Accordingly, we **GRANT** that portion of Plaintiff's Motion for Reconsideration.

      Second, Plaintiff asserts that "Judge Strawbridge did not take into consideration the statements made by counsel for the Defendant before Judge Baylson on March 22, 2011," which would constitute new evidence under the second prong of the reconsideration framework. (Pl. Mem. [Doc. 51] at 6). The Court did in fact take Mr. Saloman's statements into account and thus we do not find that the transcript provides grounds for reconsideration. The audio file of the testimony was available to and in fact cited in our July 15, 2011 Memorandum Opinion (Doc. 41 at 1). Additionally, as the Memorandum Opinion makes clear, Saloman's subjective intent was not relevant to the imposition of sanctions. (*id.* at 12-15) Therefore, the hearing transcript is not dispositive new evidence.

      Plaintiff also cites *Burger v. Mays*, 176 F.R.D. 153 (E.D. Pa., 1997) for the proposition that the court "reversed a sanction that was due to the inadvertence of counsel." (Pl. Mem. [Doc. 51] at 3). Plaintiff emphasizes that this case is distinguishable from those offered by the Defendant in that "final judgment had" not been entered. (*Id.*) Unlike in *Burger*, however, the sanctions imposed in this case were exclusively of a monetary nature, and did not preclude Plaintiff from presenting substantive evidence "which could prove vital to" her case. *Burger*, 176 F.R.D. at *155. Accordingly, reconsideration is not required here to "prevent a manifest injustice." *Id.*

      We have considered Plaintiff's additional contention that Mr. Epstein "was dealing with a serious family medical issue"that "contributed to his failure to comply fully with this Court's

(continued...)

    2.    Defendant's Cross-Motion for Sanctions is **DENIED**.[3]

**BY THE COURT:**

    /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
United States Magistrate Judge

---

(...continued)
January 5, 2011 Settlement Conference Order." (Pl. Mem. [Doc. 46-3] at 3 fn1). Moving Defendant correctly points out, however, that Plaintiff failed to raise this argument in her "original opposition even though these circumstances were well known to her (and Mr. Epstein) prior to the filing of her opposition."(Def. Mem. [Doc. 49] at 1). We express no view in this order as to the validity or propriety of Plaintiff's position. Instead, we merely reiterate our view from *Schutter v. Herskowitz* that

> [a] litigant who fails in his 'first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one ... [or] to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'

2008 U.S. Dist. LEXIS 64665, *4-5, 2008 WL 3911050, at *2 (E.D. Pa. Aug. 22, 2008) (citing Kennedy Indus. v. Aparo, 2006 U.S. Dist. LEXIS 46075, *4-5, 2006 WL 1892685 (E.D. Pa.. July 6, 2006) (quotation omitted)). Ultimately "a litigant seeking reconsideration is limited to demonstrating one of the three grounds set out by the Third Circuit in *Max's Seafood*." *Schutter*, 2008 U.S. Dist. LEXIS 64665, *4-5, 2008 WL 3911050, at *2. Here, as in *Schutter*, Plaintiff has not met this difficult burden. We hereby **DENY** that portion of Plaintiff's Motion.

    [3] Defendant contends that "sanctions are appropriate under 28 U.S.C. § 1927 because Plaintiffs' frivolous motion for reconsideration has unduly multiplied the proceedings." (Def. Mem. [Doc. 49] at 1). Defendant correctly states the standard this Court noted in addressing Amper's original motion for sanctions: that to impose sanctions under § 1927, the proceedings must "have been multiplied 'unreasonably and vexatiously.'" (Def. Mem. [Doc. 49] at 1). While we deny part of Plaintiff's Motion for Reconsideration, we also grant it in part. We conclude here, as we did with respect to Defendant's original Motion for Sanctions (Doc. 22), that 28 U.S.C. § 1927 is not an appropriate avenue for resolving the concerns raised by Amper as to Epstein's conduct. Thus, we hereby **DENY** Defendant's Cross-Motion for Sanctions.